# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR BRAVO, CDCR #V-21456,<br><br>  Plaintiff,<br><br>vs.<br><br>A. SCHWARZENEGGER; MATTHEW CATES; G. NEOTTI; SMITH; UNNAMED OFFICERS,<br><br>  Defendants. | Civil No.   11-0043 LAB (BLM)<br><br>**ORDER DISMISSING COMPLAINT AS FRIVOLOUS PURSUANT TO  28 U.S.C. § 1915A** |

## I.
### PROCEDURAL HISTORY

On January 7, 2011, Victor Bravo, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California, submitted a civil action pursuant to 42 U.S.C. § 1983. In addition, Plaintiff filed a "Motion to Proceed *In Forma Pauperis*" which was denied by the Court as barred by 28 U.S.C. § 1915(g). *See* Jan. 14, 2011 Order at 5. Plaintiff has now filed the required $350.00 initial civil filing fee in order to proceed in this matter.

/ / /

## II.

### SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). The Court must sua sponte dismiss prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Plaintiff's Complaint is far from coherent but he appears to allege that he is being "falsely imprisoned" due to government officials believing they are "authorized by the State of California to imprison people without a court of law trial." (Compl. at 2.) Plaintiff also appears to claim that the Warden for Donovan is using "influence peddling" to "support the conspiracy to falsely imprison" Plaintiff. (*Id.* at 29.) A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, the Court finds that Plaintiff's suit lacks any arguable basis in law, and is therefore frivolous under § 1915A(b)(1). And, to the extent Plaintiff alleges any facts at all, they appear "fanciful," "fantastic," and "delusional" and are clearly baseless. *Id.* at 328.

/ / /

/ / /

/ / /

### III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

(1) Plaintiff's Complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). Moreover, because the Court finds amendment futile, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

(2) Further, this Court **CERTIFIES** that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

(3) The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

DATED: November 10, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge